IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KERI M. WOLD,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, DIVISION OF WORKFORCE SERVICES,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br><br>Case No. 1:04-CV-141[1] TS |

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed November 22, 2005.[2] Plaintiff filed her opposition on December 12, 2005,[3] and Defendant filed its reply on December 19, 2005.[4] The Court, having considered the

---

[1] On May 25, 2005, Case No. 2:04-CV-589 DB was consolidated into this case, 1:04-CV-141 TS (Docket No. 16 in Case No. 2:04-CV-589 DB).

[2] Docket No. 23.

[3] Docket No. 25.

[4] Docket No. 27.

1

pleadings and being otherwise fully informed, will grant the Motion, and dismiss Plaintiff's second cause of action.  Plaintiff's first, third and fourth causes of action remain.

Plaintiff's second cause of action alleges a violation of the Americans with Disabilities Act (ADA).[5]  Specifically, Plaintiff alleges that Defendant failed to make reasonable accommodations for her disability after receiving notice of the same, and that Defendant terminated Plaintiff's employment as a result of her disability.  Defendant counters that this Court lacks subject matter jurisdiction because the Eleventh Amendment to the United States Constitution bars suits brought against a state governmental entity in Title I ADA suits.

## DISCUSSION

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), which provides that a case may be dismissed for "lack of jurisdiction over the subject matter."  Rule 12(b)(1) requires a court to "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[6]  Plaintiff bears the burden of proving that this Court has jurisdiction.[7]  In this Motion to Dismiss context, the Court presumes all allegations in the Consolidated Complaint[8] to be true.[9]

---

[5] Consolidated Complaint (Docket No. 22) at 6-7.

[6] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[7] *Id.*

[8] Docket No. 22.

[9] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[10]

The Eleventh Amendment bars suits for damages against a state in federal court, absent a waiver of immunity by the state.[11] The Supreme Court has clarified that "[a]lthough by its terms the Amendment applies only to suit against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States."[12] Further, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."[13] Eleventh Amendment immunity extends to protect both the state and the "arms of the state."[14]

The Supreme Court has squarely held that suits by employees of a state seeking to recover money damages against a state for failure to comply with Title I of the ADA "are barred by the Eleventh Amendment."[15] Plaintiff's second cause of action is brought pursuant to Title I of the

---

[10] U.S. Const. amend XI.

[11] *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

[12] *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 362 (2001) (internal citations omitted).

[13] *Id.* (internal citations omitted).

[14] *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993).

[15] *Garrett*, 531 U.S. at 360.

ADA, as she alleges certain "unlawful employment practices."[16]  While Congress may, under certain circumstances, abrogate a state's Eleventh Amendment immunity, such a valid abrogation did not occur under the ADA.[17]

Here, it is not disputed that Defendant, the State of Utah Department of Workforce Services, is an arm of the state.  Plaintiff argues, however, that Defendant's efforts to comply with the ADA mean that "the State open[ly] and notoriously abrogated any Eleventh Amendment protections . . ."[18]  However, the Supreme Court has established that, in order to constitute a valid and binding waiver of Eleventh Amendment immunity, a "State's consent to suit must be unequivocally expressed."[19]  Plaintiff has presented no legal authority to the contrary, and viewing the allegations in the Consolidated Complaint as true, the Court finds that Defendant has not expressly waived its Eleventh Amendment immunity.

Plaintiff also argues what it terms the potential "non-retroactivity" of *Garrett*.[20]  Plaintiff states that discovery is needed to "determine [the] relevance of Plaintiff's allegations that predate *Garrett*."[21]  This argument fails for two reasons.  First, no allegations in the Consolidated Complaint pre-date *Garrett*, which was decided in 2001.  This case wasn't filed until September

---

[16] *See* Consolidated Complaint at 6-7.

[17] *Id.* at 362.

[18] Plaintiff's opposition at 5.

[19] *Florida College Sav. Bank v. Florida Prepaid Educ. Exprense Bd.*, 527 U.S. 666, 676 (1999) (internal citations omitted).

[20]  Plaintiff's opposition at 4, 5.

[21] *Id.* at 4.

1, 2004, and the earliest date alleged in relation to the second cause of action in the Consolidated Complaint is June 2002. Second, the Supreme Court has declared that

> [w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events regardless of whether such events predate or postdate our announcement of the rule.[22]

Therefore, even if Plaintiff's claims pre-dated *Garrett*, the Court would still be bound to apply this principle to this case.

In sum, the Court finds that Defendant is an "arm of the state," and has not expressly waived its Eleventh Amendment immunity. Therefore, as a matter of law under the binding case law cited herein, this Court lacks subject matter jurisdiction over Plaintiff's second cause of action.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 23) is GRANTED. It is further

ORDERED that Plaintiff's second cause of action (Violation of the ADA – Failure to Accommodate) is DISMISSED. Plaintiff's first, third and fourth causes of action remain.

---

[22] *Harper v. Virginia Dep't of Taxation*, 509 U.S. 89, 97 (1993).

SO ORDERED.

DATED  January 23, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge